## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

_____

**UNITED STATES OF AMERICA**

**v.**                                                    **Case # 2:25r20314 SHL**
                                                          **UNDER SEAL**

**ROBERT HARTHEIMER**

_____

### MEMORANDUM IN SUPPORT OF A VARIANCE
### DUE TO THE STRUCTURE OF THE
### UNITED STATES SENTENCING GUIDELINES

_____

Counsel for the Defendant, Blake D. Ballin and Cathy Fleming, Attorneys for Robert Hartheimer, file this Memorandum in Support of a Variance Due to the Structure of the United States Sentencing Guidelines and shows as follows:

The Sentencing Guidelines are advisory, and the Court's obligation is to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 264 (2005); *see also United States v. Clark*, 469 F.3d 568, 571 (6th Cir. 2006). In determining the appropriate sentence, the Court must consider, among other things, the nature and circumstances of the offense, the need for just punishment, deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

In this case, a downward variance is warranted on two accounts because the advisory guideline range is driven by structural features of U.S.S.G. § 2G2.2 that fail to meaningfully distinguish among offenders. As applied here, the guideline produces a range that does not adequately reflect the defendant's actual conduct and results in a sentence greater than necessary to achieve the purposes of sentencing.

**Argument 1 – A Downward Departure Is Warranted Due to Defendant's Actual Communication Being With an Online Covert Employee, and Not an Actual Minor.**

A downward variance is warranted because the advisory guideline range does not meaningfully distinguish between materially different categories of conduct, including offenses involving actual minors and those involving undercover law enforcement officers posing as minors.

In this case, the defendant's conduct consisted of online communications with an undercover officer, not an actual minor. While the Guidelines expressly provide that a

"minor" includes "an individual, whether fictitious or not," whom a law enforcement officer represented as under the age of eighteen, U.S.S.G. § 2G2.1 cmt. n.1, that definitional equivalence governs the calculation of the advisory range—not whether identical sentencing outcomes are appropriate under 18 U.S.C. § 3553(a).

The United States Sentencing Commission has recognized that the current guideline structure does not adequately distinguish among offenders based on actual conduct, in part because enhancements apply in most cases and drive sentencing outcomes irrespective of meaningful differences in offense behavior. *See* United States Sentencing Commission, *Report to the Congress: Federal Child Pornography Offenses* 10–14, 209–12 (2012). While sentencing guidelines often result from empirical analysis based on data of past sentencing practices, the Sentencing Commission did not use this empirical approach to develop guidelines for Section 2G2.1. *Id.* at 10.

Instead, Section 2G2.1's sentence-driving enhancements are the result of Congressional directives, which have been "'aimed at increasing penalties, eliminating Judicial flexibility, and often without any evidence-based input from the Commission.'"

*Id.* at note 60. (quoting Testimony of U.S. Chief District Judge Casey Rodgers (Northern District of Florida) (on behalf of the Criminal Law Committee of the Judicial Conference of the United States Courts), to the Commission, at 358–59 (Feb. 15, 2012)). As a result, the guidelines often produce ranges that fail to reflect distinctions between nonproduction, online communication conduct and offenses involving actual minors, handson sexual abuse, or the production of child sexual abuse material.

Numerous Courts have recognized this structural limitation and have permitted downward variances based on policy disagreements with the child pornography guidelines, determining that "the Guidelines in child pornography cases are owed less deference than those for other offenses because the Guidelines for child pornography crimes are 'largely the product of congressional directives, some of which the Sentencing Commission actively opposed, rather than Commission study and expertise.'" *United States v. Huyck*, No. 8:13CR107, 2015 U.S. Dist. LEXIS 141905, at *19 n.4 (D. Neb. Oct. 19, 2015) (quoting *United States v. Diaz*, 720 F. Supp. 2d 1039, 1042 (E.D. Wis. 2010)); *see, e.g.*, *United States v. Henderson*, 649 F.3d 955, 963–64 (9th Cir. 2011) ("We therefore hold that, similar to the crack cocaine Guidelines, district courts may vary from the child pornography Guidelines, § 2G2.2, based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." (citing *Kimbrough v. United States*, 552 U.S. 85, 104 (2007))); *United States v. Munoz*, No. 11-cr-167, 2012 U.S. Dist. LEXIS 155050, 2012 WL 5351750, *13 (D. Minn. Oct. 30, 2012) ("The lack of empiricism underlying the Guidelines for possession of child pornography crimes is reflected in the sheer unhelpfulness of the sentencing ranges for such crimes, which 'routinely result in

Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases.'" (quoting *United States v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010))); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1104 (N.D. Iowa 2009) (rejecting U.S.S.G. § 2G2.2 "on categorical, policy grounds, even in a 'mine-run' case," and stating that § 2G2.2 "is entitled to considerably less deference than other guidelines, in individual cases, because it is the result of congressional mandates, rather than the Commission's exercise of its institutional expertise and empirical analysis.").

The advisory nature of the Guidelines permits this Court to consider whether the guideline range, as applied, results in a sentence greater than necessary to achieve the purposes of sentencing. Here, because the advisory range does not meaningfully distinguish between communications with an undercover officer and offenses involving actual minors or more aggravated conduct, a downward variance is appropriate. Such a variance would not diminish the seriousness of the offense but would instead ensure that the imposed sentence reflects a proportionate and individualized assessment of the defendant's actual conduct, consistent with Section 3553(a).

### Argument 2 – A Downward Variance Is Warranted Because the "Use of a Computer" Enhancement Relies on an Outdated Distinction.

A downward variance is warranted because enhancement for use of a computer under U.S.S.G. § 2G2.2(b)(6) no longer serves its intended purpose of distinguishing among levels of offenses and instead contributes to advisory guideline ranges that do not reflect meaningful differences in offense conduct.

At the time of its adoption, the computer-use enhancement was intended to capture increased culpability associated with the use of emerging technology to facilitate child

pornography offenses. However, as technology has evolved, the use of computers and internet-enabled devices has become ubiquitous in such cases. As a result, the enhancement now applies in most cases and no longer functions as a meaningful aggravating factor.

The United States Sentencing Commission has recognized this issue, explaining that certain enhancements—including the use of a computer—apply so broadly that they fail to distinguish among offenders in a manner that meaningfully advances the purposes of sentencing. *See* United States Sentencing Commission, *Report to the Congress: Federal Child Pornography Offenses* 10–11. The Sentencing Commission's 2012 report stated that the use of a computer or internet-enabled device applied in 96.2% of cases, showing that such "sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now routinely apply to the vast majority of offenders." *Id.* at 316. Thus, rather than identifying more culpable conduct, these enhancements operate in a largely mechanical fashion and contribute to guideline ranges that are driven by factors present in most cases.

Courts have acknowledged that enhancements which apply in nearly every case undermine the Guidelines' goal of proportionality and may warrant a variance where they inflate the advisory range without reflecting increased culpability. *See, e.g., United States v. Dorvee*, 616 F.3d at 186 (noting that many § 2G2.2 enhancements "apply in nearly all cases"). In such circumstances, strict adherence to the guideline may result in unwarranted uniformity among defendants whose conduct differs in meaningful ways.

Here, the defendant's use of an electronic device is that of a typical offender, so no enhancement is necessary to distinguish the defendant's conduct. Under 18 U.S.C. § 3553(a), the Court must impose a sentence that reflects the nature and circumstances of the

offense and avoids unwarranted similarities among dissimilar defendants. Where an enhancement applies in nearly every case and fails to distinguish among offenders, a downward variance is appropriate to ensure that the sentence imposed is based on the defendant's actual conduct rather than the mechanical application of broadly applicable enhancements.

Such a variance would not disregard the Guidelines, but would instead reflect the Court's obligation to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

## Conclusion

For the foregoing reasons, the advisory guideline range in this case is driven by structural features of U.S.S.G. § 2G2.2 that do not meaningfully distinguish among offenders or reflect the defendant's actual conduct. As applied here, the guideline produces a range that is greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

The Court is not bound to impose a sentence dictated by a guideline that fails to differentiate between materially different categories of conduct or that relies on enhancements that apply in most cases without providing meaningful insight into relative culpability. Instead, the Court must impose a sentence that reflects a proportionate and individualized assessment of the offense and the defendant.

Accordingly, the defendant respectfully requests that this Court vary downward from the advisory guideline range and impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully Submitted,

/s/Blake D. Ballin, Esq.
BALLIN, BALLIN & FISHMAN, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103 (901)
525-6278

/s/Cathy Fleming, Esq.
FLEMING RUVOLDT, PLLC
779 Closter Dock Road
Closter, NJ 07624 (201)615-
4421

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served

upon the Honorable Sheryl H. Lipman, Lauren Delery, Assistant United States Attorneys

and all other interested parties via e-mail, via United States mail, first class postage

prepaid, or via hand delivery, this the 1st day of June, 2026.

/s/Blake D. Ballin, Esq.